UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 19-23181-RAM |
| SANDRA ROJAS, | Chapter 7 |
| Debtor.        / | |
| GLOBAL AIRTECH MFG., INC., | Adv. No. |
| Plaintiff, | |
| vs. | |
| SANDRA ROJAS, | |
| Defendant.        / | |

**COMPLAINT UNDER 11 U.S.C. § 523 TO DETERMINE NONDISCHARGEABILITY OF DEBTS CAUSED BY DEBTOR'S WILLFUL AND MALICIOUS INJURY**

Plaintiff, Global Airtech Mfg., Inc., ("Global Airtech") brings this Adversary Proceeding against Defendant, Sandra Rojas (the "Debtor") for a determination that pre-petition debts arising out of the Debtor's willful and malicious conduct are not dischargeable under 11 U.S.C. § 523, stating:

**SUMMARY OF THE ACTION**

This matter involves a fraudulent scheme perpetrated by the Debtor and others to trick Global Airtech into paying $150,000.00 and allowing the Debtor and others to secretly pocket several hundred thousand dollars arising from the alleged sale of an aircraft engine.

In furtherance of her fraudulent scheme, the Debtor willfully and maliciously made false representations to Global Airtech to induce Global Airtech to wire $150,000.00 to the purported owner of the aircraft engine and to induce Global Airtech to not seek immediate return of its monies or take action to cancel the transaction.

On December 6, 2017, Global Airtech filed a Complaint and Demand for Jury Trial (the "Complaint") against the Debtor, among others, in the Florida state court system, styled as <u>Global Airtech Mfg., Inc. vs. Sky Fly Universal, Inc., David Rojas, Sandra Rojas and Andrea Rojas</u>, pending in the Circuit Court of the 11th Judicial Circuit, in and for Miami-Dade County, Florida, Case No. 17-27965 CA 02 (the "State Court Action"). Global Airtech asserted a fraud claim against the Debtor in the State Court Action. However, as a result of the automatic stay entered in the Debtor's bankruptcy proceedings, Global Airtech has been unable to pursue its fraud claim against the Debtor.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1391(b) and 1409.

3. This Adversary Proceeding relates to <u>In re Sandra Rojas</u>, Case No. 19-23181-RAM (Bankr. S.D. Fla.) (Chapter 7), now pending in this Court (the "Bankruptcy Action").

## PARTIES

4. Plaintiff, Global Airtech Mfg., Inc., is an authorized foreign corporation conducting business in Miami-Dade County, Florida.

5. Defendant, Sandra Rojas, is an individual residing in Miami-Dade County, Florida and is the Debtor in the Bankruptcy Action.

## SPECIFIC ALLEGATIONS

6. In early December 2016, David Rojas, acting on behalf of Sky Fly Universal, Inc. ("Sky Fly"), approached Global Airtech with a business proposition: If Global Airtech would

partner with Sky Fly and invest $150,000.00 toward the purchase price of Engine Serial No. 9188, Sky Fly would then re-sell the engine and share the profits with Global Airtech.

7. The Debtor, who was also acting on behalf of Sky Fly, represented the following to Global Airtech: a) Aerotecnica Motores & Sistemas ("Aerotecnica") in Bogotá, Colombia owned Engine 9188 and had agreed to sell it to Sky Fly for $360,500.00; b) Sky Fly had already paid Aerotecnica $210,500.00 of the Engine 9188 purchase price; c) the delivery to Sky Fly in Miami of Aerotecnica's Engine 9188 was ready to take place immediately upon Aerotecnica's receipt of the $150,000.00 balance of the purchase price; d) Engine 9188 was ready for immediate shipping to Miami; e) Sky Fly's planned re-sale of Engine 9188 to the Columbian Air Force would result in a profit to Sky Fly of $269,500.00 ($630,000.00 sale price minus the $360,500.00 acquisition cost).

8. Each of these representations was false when made by the Debtor. Aerotecnica did not own Engine 9188. Sky Fly had not paid $210,500.00 to Aerotecnica. Sky Fly's planned acquisition price for Engine 9188 was not $360,500.00. Engine 9188 was not ready for shipment to Miami upon payment of $150,000.00. The profit Sky Fly expected to receive from the $630,000.00 resale was far in excess of $269,500.00.

9. The Debtor knew each of these representations were false when made.

10. The Debtor made each of these false representations in order to induce Global Airtech to pay $150,000.00 to Aerotecnica so that Sky Fly could acquire Engine 9188.

11. Global Airtech reasonably relied on the Debtor's false representations to its detriment.

12. Based upon the false representations, Global Airtech entered into the following agreement with Sky Fly: Global Airtech would invest $150,000.00 toward the purchase price of

Engine Serial No. 9188 and wire such monies to Aerotecnica and in exchange Sky Fly would pay Global Airtech $244,325.00 as a guaranteed return on investment and profit share.

13. In fulfillment of its contractual obligation, Global Airtech wired $150,000.00 to Aerotecnica on December 12, 2016. However, Engine 9188 was never delivered and Sky Fly did not remit the $244,325.00 return on investment and profit share payment to Global Airtech.

14. When Global Airtech inquired as to the status of the non-delivery of Engine 9188, and the non-payment of the $244,325.00 owed to Global Airtech, the Debtor further misrepresented to Global Airtech that: a) delivery of the engine was simply delayed due to weather; b) delivery of the engine was delayed by a new requirement of payment of a $63,333.00 premium for a performance bond; and c) that on February 6, 2017 shipping Engine 9188 was "booked" and ready to go.

15. Each of these representations was false when made by the Debtor. In fact, Engine 9188 was still attached to an aircraft and was never ready for delivery. In fact, Engine 9188 was never owned by Aerotecnica and Sky Fly had never paid monies for purchase of Engine 9188. In fact, delay in delivery of the engine was in no way affected by the non-payment of a performance bond premium. In sum, the Debtor lied in totality regarding the engine transaction and Sky Fly's failure to pay the agreed-to return on investment and profit sharing amount of $244,325.00 to Global Airtech.

16. The Debtor knew each of these representations were false when made.

17. The Debtor made these additional misrepresentations to Global Airtech in order to induce it to take no action in cancelling the transaction or seeking an immediate return of its $150,000.00.

18. Global Airtech reasonably relied on the Debtor's false representations to its detriment and took no action to cancel the transaction or seek an immediate return of its $150,000.00.

19. In February of 2017, after months of lying and deceit by the Debtor, Global Airtech was informed by Aerotecnica that it did not own Engine 9188, that the transaction was cancelled and that it would return Global Airtech's $150,000.00.

20. To date, Aerotecnica has only returned $103,012.00 to Global Airtech and has kept $46,988 of the $150,000 that Global Airtech paid it.

21. As a result of the Debtor's willful and malicious acts described above, Global Airtech has suffered damages.

## COUNT I
### (NONDISCHARGEABILITY OF DEBTS CAUSED BY DEBTOR'S WILLFUL AND MALICIOUS INJURY)

22. Global Airtech realleges paragraphs 1 through 21 as though fully set forth herein.

23. This is an action to object to the dischargeability of the indebtedness due to Global Airtech from the Debtor.

24. Title 11, United States Code Section 523(a)(6), excepts from discharge in bankruptcy, all debts for "willful and malicious injury by the debtor to another entity or to the property of another entity."

25. The Debtor deliberately and intentionally injured Global Airtech or its property by the malicious and willful acts described above.

26. The Debtor's willful and malicious injuries to Global Airtech or its property require denial of discharge of all debts arising from the conduct described herein.

WHEREFORE, Plaintiff, Global Airtech Mfg., Inc., respectfully requests that this Court enter judgment in the Bankruptcy Action determining that the Debtor should be denied discharge of the debts described herein, pursuant to 11 U.S.C. § 523, and for such further relief as this Court deems just and proper.

        Respectfully Submitted,

        By: *s/Darin A. DiBello*
           Darin A. DiBello
           Florida Bar No. 957615
           GASS WEBER MULLINS LLC
           150 S.E. 2nd Avenue, Suite 1010
           Miami FL  33131
           Telephone: 305-537-0469
           Facsimile:  305-503-7405
           dibello@gwmlaw.com
           perry@gwmlaw.com
           *Attorneys for Global Airtech Mfg., Inc.*